NOT DESIGNATED FOR PUBLICATION

No. 120,721

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENDA LEE BASSETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 21, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Natasha Esau*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

PER CURIAM: A jury in Reno County District Court found Defendant Brenda Lee Bassett guilty of possession of methamphetamine, a felony, and of possession of drug paraphernalia, a misdemeanor. Police found the drugs and paraphernalia in a search of Bassett's backpack. On appeal, she challenges the sufficiency of the evidence to support the convictions—a formidable hurdle to clear. We find Bassett has not done so. We, therefore, affirm the convictions and resulting sentences.

In the midst of an altercation with her then boyfriend in October 2017, Bassett called another friend to help her. On the way, the friend called the police to report a

1

domestic disturbance. When the friend arrived at the residence, Bassett and her boyfriend were still quarrelling in the front yard, where some of Bassett's belongings had been strewn. Bassett and her friend picked up the items, and Bassett retrieved her backpack.

As they drove away, Bassett's friend explained that she had called the police. Bassett rather urgently told her friend to stop. Bassett explained she had an outstanding arrest warrant for failing to pay fines or costs in a case. She then took her backpack and set out on foot.

Two officers with the Hutchinson Police Department intercepted Bassett and arrested her on the warrant. One of the officers searched the backpack. The officer opened a zippered pouch he removed from the backpack and found two credit cards in Bassett's name, two small plastic bags containing a white powder, and a glass pipe wrapped in a bandanna. Bassett immediately disclaimed any knowledge of the plastic bags and the pipe and told the officers someone must have put them in her backpack. Lab tests done later showed the powder to be methamphetamine and the pipe to have methamphetamine residue in it.

The State charged Bassett with possession of the drugs and drug paraphernalia. The jury heard the case in December 2018. The State called the police officers, who testified to their interaction with Bassett, including her exclamation of ignorance about the methamphetamine and the pipe. The State also called Bassett's ex-boyfriend; he testified that he had nothing to do with the drugs or the pipe and did not put them in the backpack. Bassett did not testify during the trial. As we have indicated, the jury convicted Bassett of both charges.

The district court later sentenced Bassett to a prison term of 11 months on the felony methamphetamine conviction with a 12-month period of postrelease supervision and placed her on probation for 12 months—all of which reflects a standard guidelines

disposition, given Bassett's minimal criminal history. The district court imposed a probated six-month jail sentence on the paraphernalia conviction. Bassett has appealed.

For her only issue on appeal, Bassett contends the State presented insufficient evidence to the jury to support the verdicts of guilty. In reviewing a sufficiency challenge, we construe the evidence in a light most favorable to the party prevailing below, here the State, and in support of the jury's verdict. An appellate court will neither reweigh the evidence generally nor make credibility determinations specifically. *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018); *State v. Butler*, 307 Kan. 831, 844-45, 416 P.3d 116 (2018); *State v. Pham*, 281 Kan. 1227, 1252, 136 P.3d 919 (2006). The issue for review is simply whether rational jurors could have found the defendant guilty beyond a reasonable doubt. *Butler*, 307 Kan. at 844-45; *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014).

Basically, the jury had to weigh compelling circumstantial evidence of Bassett's guilt against the denial of responsibility for the drugs and pipe she made to the police officers when they discovered those items. After all, the contraband was found in Bassett's backpack in a separate zippered pouch with her credit cards. That's a sufficient circumstance to support a conviction. See *State v. Thach*, 305 Kan. 72, 84, 378 P.3d 522 (2016) (even gravest crimes may be proved with only circumstantial evidence). And the jury was under no obligation to accept Bassett's denial. Indeed, she implied to the officers that her boyfriend might have put the drugs and pipe in her backpack. He had access to the backpack and was angry with her. But he told the jury he did nothing of the sort. The jury could have believed Bassett, but it had no obligation to do so.

On appeal, we do not reevaluate the evidence generally, and we certainly do not second-guess a jury's determination about who is believable and who isn't. See *State v. Franco*, 49 Kan. App. 2d 924, 936-37, 319 P.3d 551 (2014). Bassett's argument, with its veneer stripped away, asks us to do precisely what we cannot do by reassessing the

3

evidence to her advantage when the jury did otherwise. We, therefore, reject her challenge to the sufficiency of the evidence underlying the jury verdicts finding her guilty.

Affirmed.